UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GABRIEL FERRIS,

        Petitioner,

v.                                                Case Number: 07-14401
                                                Honorable John Corbett O'Meara

JERI-ANN SHERRY,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S MOTIONS FOR
(1)RECONSIDERATION TO APPOINT COUNSEL,
(2) EVIDENTIARY HEARING AND, (3) BOND**

This matter is before the Court on Petitioner's Motions for (1) Reconsideration to Appoint Counsel, (2) an Evidentiary Hearing, and, (3) a Bond Hearing (a request for bond). The Court has reviewed Petitioner's motions and denies them for the reasons stated below.

**I. Motion for Reconsideration Regarding Petitioner's Motion to Appoint Counsel**

A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). On February 22, 2008, the Court denied Petitioner's motion to appoint of counsel, finding it was not necessary at the time. (Dkt. # 9.) Regarding this matter, the Court finds Petitioner has not met his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(g)(3). The Court adheres to its position and denies Petitioner's motion for reconsideration regarding this issue. The Court will reconsider Petitioner's request if

it determines at a later date that appointment of counsel is necessary. Petitioner need not file any additional motions regarding this matter.

## II. Motion for Evidentiary Hearing

Regarding an evidentiary hearing, a federal district court generally is prohibited from granting an evidentiary hearing if the habeas petitioner failed to develop the factual basis for his or her claims in state courts. 28 U.S.C. § 2254(e)(2). "In cases where an applicant for federal habeas relief is not barred from obtaining an evidentiary hearing by 28 U.S.C. § 2254(e) (2), the decision to grant such a hearing rests in the discretion of the district court." *Schriro v. Landrigan*, --- U.S. ----, ----, 127 S.Ct. 1933, 1937, 167 L.Ed.2d 836 (2007). "Generally, a habeas petitioner is entitled to an evidentiary hearing in federal court if the petition 'alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing.'" *Stanford v. Parker*, 266 F.3d 442, 459 (6th Cir.2001) (quoting *Wilson v. Kemna*, 12 F.3d 145, 146 (8th Cir.1994)).

Although relevant facts may be in dispute and the state court refused to hold an evidentiary hearing, the Court is unable to determine at this time whether Petitioner has stated sufficient grounds for release. Accordingly, Petitioner's request for an evidentiary hearing" [dkt. # 20] is denied without prejudice. The Court will reconsider its ruling, if necessary, after it reviews the state-court record. It is not necessary for Petitioner to renew his motion or to file another motion for an evidentiary hearing.

## III. Request for Bond

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)

(quoting *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). There will be few occasions where a habeas petitioner meets this standard. *Dotson,* 900 F.2d at 79. Federal district courts may grant bail when granting the writ. *Sizemore v. District Court*, 735 F.2d 204, 208 (6th Cir. 1984). By implication, the Court should not grant bail under other circumstances.

Although Petitioner may have a substantial claim of law, he has not demonstrated exceptional circumstances that justify release on bond. Petitioner has failed to show the existence of exceptional circumstances warranting release on bail where all that supports his claim for release on bond are his conclusory statements regarding the merits of his claim. *Bergmann v. McCaughtry*, 857 F. Supp. 640, 641 (E.D. Wis. 1994). The Court therefore denies Petitioner's motion for bond.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration to appoint counsel, motion for evidentiary hearing and motion for bond hearing [dkt. # 20] are **DENIED WITHOUT PREJUDICE**. The Court will reconsider Petitioner's requests following its review of Petitioner's petition, Respondent's response, and the Rule 5 materials submitted.

                                                           s/John Corbett O'Meara
                                                           United States District Judge

Date: October 30, 2008

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 30, 2008, by electronic and/or ordinary mail.

                                                           s/William Barkholz
                                                           Case Manager